IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG KLUND,

                      Petitioner,                      OPINION and ORDER

  v.

                                                                       24-cv-402-jdp

UNITED STATES OF AMERICA,                    20-cr-140-jdp

                      Respondent.

---

Petitioner Craig Klund was charged in a 19-count indictment with various offenses arising from his fraudulent contracting with the United States Department of Defense. Dkt. 6 in Case No. 20-cr-140. Klund pleaded guilty to three counts: wire fraud, aggravated identity theft, and money laundering. He was sentenced to concurrent 96-month terms of incarceration for the wire fraud and the money laundering, and a consecutive 24-month sentence for the aggravated identity theft. Klund appealed his sentence, challenging only the court's calculation of the loss amount. The sentence was upheld on appeal. *United States v. Klund*, 59 F.4th 322, 324 (7th Cir. 2023).

Klund, proceeding without counsel, now moves to vacate his conviction and sentence under 28 U.S.C. § 2255. Dkt. 1. Klund's petition is a bit of a jumble; he enumerates six grounds for relief, although he touches on more than six issues. The government's opposition, Dkt. 5, parses it as seven grounds. Klund's reply, Dkt. 8, doesn't clarify the grounds he asserts.

But here's the gist: The main challenge is to the aggravated identity fraud conviction, which he says is now foreclosed by *Dubin v. United States*, 599 U.S. 110 (2023). Klund also contends that his plea to the aggravated identity fraud count was invalid because he didn't actually admit to it at his plea hearing, and it's not supported by the evidence. He persists in

challenging the loss amount. He accuses the government of prosecutorial misconduct for making false and exaggerated statements about his conduct, especially the about the extent of the defective products that he supplied. Finally, he contends that his counsel, who represented him in the district court and on appeal, was ineffective for not understanding the law of government contracting and letting this all happen to him.

A. Timeliness

With the exception of the claim based on *Dubin*, Klund's claims are untimely. The court of appeals issued its decision on February 7, 2023. Klund did not petition for Supreme Court review, so Klund's conviction became final 90 days later, May 7, 2023. For all except the *Dubin* claim, Klund had one year from that date, until May 7, 2024, to file his § 2255 petition. 28 U.S.C. § 2255(f)(1). The government accepts Klund's representation that he put his petition in the prison mail system on June 10, 2024. Dkt. 5, at 15. So Klund filed his petition more than a month late. Klund's *Dubin* claim is timely because June 10, 2024, was the first business day after the one-year anniversary of the Supreme Court's decision. § 2255(f)(3). I'll address Klund's *Dubin* claim on the merits below.

Klund might be able to overcome his timeliness problem if he were entitled to equitable tolling. But the standard is high, and tolling is the exception, not the rule. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Klund would have to show that (1) he's been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Klund doesn't have much to say about the timeliness issue raised in the government's brief. Klund says that he didn't receive a copy of the court of appeals decision until May 5, 2024, when his caseworker gave him a copy from his file. That was only two days before his

deadline. Dkt. 8 at 11. It would have been odd for Klund's counsel to fail to send Klund a copy of the court of appeals decision soon after it was issued. But even if counsel had failed to do so, generally "a prisoner 'bears the risk in federal habeas for all attorney errors made in the course of representation.'" *Shinn v. Ramirez*, 596 U.S. 366, 382–83 (2022). Klund doesn't say that he ever asked his counsel about the status of his appeal. And he doesn't say whether he ever checked on his appeal through the law library or anywhere else. Klund hasn't made any showing that he was diligently pursuing his rights during the 15 months after the court of appeals decision.

Nor has Klund shown that any other extraordinary circumstance stood in his way. He says that his prison, FCI Leavenworth, was on lockdown from early March 2024 until he was transferred to FPC Duluth in April 2024. Dkt. 8 at 20. The lockdown prevented him from accessing the law library he says. But that only accounts for a single month of the available time. Klund concedes that all the information he needed to support his claims, except for the *Dubin* decision, has been available all along. *Id*.

The court concludes that Klund is not entitled to equitable tolling. Thus, with the exception of the *Dubin* claim, Klund's claims are untimely.

B. *Dubin* claim

Klund was convicted of aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1), which prohibits, among other things, making unauthorized use of another person's identity in connection with a crime against the government. Klund falsely represented to the government defense contracting system that one of his companies, Rogue Applied Sciences, Corp. was a "woman-owned small business." To do so, he used his wife's name without her knowledge or consent. The underlying crime was charged as a violation of

3

18 U.S.C. § 1001 (knowing and willful false statement to the government) in Count 12 of the indictment; the aggravated identity theft was charged as Count 15. Klund pleaded guilty to Count 15, but he now contends that his conviction must be overturned in light of *Dubin*, 599 U.S. 110.

In *Dubin*, the Supreme Court rejected an expansive reading of § 1028(a)(1) that would have criminalized almost any use of a person's means of identification in connection with a fraud crime. The *Dubin* defendant owned a company that provided psychological services. The company misrepresented the qualifications of a services provider, which inflated the billed amount. The defendant was charged not only with healthcare fraud, in violation of 18 U.S.C. § 1347, but also aggravated identify fraud in violation of § 1028(a)(1) because the fraudulent billing also included the patient's Medicaid reimbursement number, which is a means of identification for purposes of § 1028(a)(1). The Supreme Court held that these facts did not support a conviction under § 1028(a)(1) because the patient's identity was not "used" "in relation to" the healthcare fraud. 599 U.S. at 132. A means of identify is "used in relation to" another offense only when the identity is "at the crux of what makes the conduct criminal." *Id*. The patient's identity, although used as part of the fraudulent billing, was tangential to the fraud committed against the government.

*Dubin* doesn't help Klund, because his wife's identity was at the crux of the offense charged in Count 12. Klund was the sole owner and manager of Rogue, but he falsely designated Rogue as a woman-owned small business to gain advantages in defense contracting. He falsely listed his wife by name as the administrator, as mandatory point of contact, and as the individual executing the IRS consent. His use of his wife's name was at the crux of the § 1001 violation, not peripheral like the patient's identity in *Dubin*. Klund's offense falls

4

squarely within the heart of § 1028(a)(1) offenses and it is unaffected by the Supreme Court's decision in *Dubin*.

The court will deny Klund's petition on the *Dubin*-based ground for relief.

## C. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because reasonable jurists would not debate the outcome here, I will not issue Klund a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Petition Craig Klund's petition under 28 U.S.C. § 2255 is DENIED.
2. The clerk of court is directed to enter judgment and close the case.

Entered November 25, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge